NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIA SMITH,

               Plaintiff-Appellant,

  v.

CONSTELLATION BRANDS, INC., a
Delaware corporation,

               Defendant-Appellee.

No.   17-15287

D.C. No. 3:16-cv-04101-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 15, 2018
San Francisco, California

Before: HAWKINS and TALLMAN, Circuit Judges, and MURPHY,[**] District
Judge.

Plaintiff Julia Smith appeals the district court's dismissal with prejudice of

her First Amended Complaint. We have jurisdiction under 28 U.S.C. § 1291, and

"[w]e review a dismissal for failure to state a claim *de novo*, accepting all well-

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
      [**]     The Honorable Stephen Joseph Murphy III, United States District
Judge for the Eastern District of Michigan, sitting by designation.

pleaded allegations as true." *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1205 (9th Cir. 2016). We review an order denying a party leave to amend its complaint for an abuse of discretion. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016).

Smith began working for the defendant, Constellation Brands, Inc., in October 2014 as a financial analyst. In December 2014, Smith began experiencing pain related to several subsequently-diagnosed medical conditions that she alleged "limited [her] ability to participate in major life activities, including working, walking, head and neck mobility, and other physical exercise and social and recreational activities[.]" Constellation granted Smith medical leave until her return on March 4, 2015. By March 13, Smith failed to show up to work for eight out of nine days, and her employment was terminated for unreported absenteeism. Prior to her termination, however, Smith alleged that she notified her manager and coworkers about "fundamental accounting functions and procedures" that were lacking, "that her own job turned out to be different from what was represented before she joined Constellation," that she struggled in her position, and that she felt that she lacked support from her manager and colleagues.

Smith later brought claims against Constellation under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12926 *et seq.*, for disability discrimination, failure to accommodate, failure to engage in an interactive process,

2

failure to prevent discrimination, retaliation, and wrongful termination in violation of public policy under Cal. Lab. Code § 232.5. After granting leave to amend once, the district court dismissed Smith's First Amended Complaint with prejudice for failing to allege how her diagnosed medical issues prevented her from working. We affirm.

Federal Rule of Civil Procedure ("FRCP") 8(a) sets forth the standard for pleading in civil cases. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

1. Under California's FEHA, "employees are protected from discrimination due to an actual or perceived physical or mental impairment that is disabling, potentially disabling, or perceived as disabling or potentially disabling." Cal. Gov't Code § 12926.1(b). To qualify as a "physical disability" under the FEHA, a plaintiff must plead that she has "any physiological disease, disorder, or condition" that affects one or more specified body systems and limits a major life activity. § 12926(m)(1)(A)–(B). "The threshold question in a FEHA action is whether the plaintiff's qualifying medical condition '[l]imits a major life activity.'" *E.E.O.C.*

3

*v. United Parcel Serv., Inc.*, 424 F.3d 1060, 1068 (9th Cir. 2005) (quoting Cal. Gov't Code § 12926). Because "[a]n assessment must be made to determine how, if at all, the pain affects the specific employee," a plaintiff must sufficiently plead *how* her disability limits her ability to work. *See Arteaga v. Brink's, Inc.*, 77 Cal. Rptr. 3d 654, 671 (Ct. App. 2008). Although Smith sufficiently alleged conditions that might establish disability, she made no allegations regarding how those conditions affected her ability to work as a financial analyst. Therefore, we affirm the district court's dismissal of Smith's claims under FEHA.

2. Under California Labor Code § 232.5(c), "[n]o employer may . . . [d]ischarge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions." To establish a claim for wrongful termination in violation of public policy, the policy in question must satisfy four requirements:

> First, the policy must be supported by either constitutional or statutory provisions. Second, the policy must be 'public' in the sense that it 'inures to the benefit of the public' rather than serving merely the interests of the individual. Third, the policy must have been articulated at the time of the discharge. Fourth, the policy must be 'fundamental' and 'substantial.'

*Ross v. RagingWire Telecomms., Inc.*, 174 P.3d 200, 208 (Cal. 2008) (quoting *Stevenson v. Superior Court*, 941 P.2d 1157, 1161 (Cal. 1997)). Under the second prong, "the policy in question must involve a matter that affects society at large rather than a purely personal or proprietary interest of the plaintiff or employer."

4

*Gantt v. Sentry Ins.*, 824 P.2d 680, 684 (Cal. 1992). Here, Smith alleges that she disclosed matters to her colleagues regarding Constellation's financial system, as well as her own dissatisfaction with her position and adequacy of support. These matters do not affect society and they are "a purely personal or proprietary interest of the plaintiff or employer." *Id.*; *see also Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1079 (9th Cir.), *amended*, 340 F.3d 767 (9th Cir. 2003) ("When an employee's disclosure of information to his employer serves only the employer's private interest, the employee has not stated a claim for wrongful termination."). Accordingly, we affirm the district court's dismissal of Smith's public policy retaliation claim.

3. Under FRCP 15(a)(2), federal courts are instructed to "freely give leave [to amend] when justice so requires." "A district court, however, may in its discretion deny leave to amend 'due to . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). Although "[a]n outright refusal to grant leave to amend without a justifying reason is . . . an abuse of discretion," *Leadsinger*, 512 F.3d at 532 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), the district court here permitted amendment once, notified Smith of

5

her first complaint's deficiencies, and told her to plead her "best case." Because she failed to do so in her First Amended Complaint, the district court was justified in its refusal to permit amendment a second time.

Costs are awarded to Appellee Constellation Brands, Inc.

**AFFIRMED.**